UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SPENCER T. CRUMBSIE,<br><br>                    Plaintiff,<br><br>           v.<br><br>OFFICER BLAKE OR BURKE,<br><br>                    Defendant. | No. 25-CV-3780 (KMK)<br><br>ORDER OF SERVICE |

KENNETH M. KARAS, United States District Judge:

Plaintiff Spencer T. Crumbsie, who currently is incarcerated at Green Haven Correctional Facility, brings this action, pro se, under 42 U.S.C. § 1983, alleging that Defendant Officer Blake or Burke subjected Plaintiff to sexual assault. (*See* Compl. (Dkt. No. 1).) By order dated July 31, 2025, the Court granted Plaintiff's request to proceed in forma pauperis ("IFP"), that is, without prepayment of fees.[1] (*See* Dkt. No. 12.)

**A.      Order of Service**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service ("Marshals Service") to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (providing that the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed in forma pauperis. *See* 28 U.S.C. § 1915(b)(1).

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the Complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summons be issued. The Court therefore extends the time to serve until 90 days after the date any summons issues.

To allow Plaintiff to effect service on Defendant through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendant. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendant.

If the Complaint is not served within 90 days after the date the summons is issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**B.     Local Rule 33.2**

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of service of the complaint, Defendant must serve responses to these standard discovery requests. In their responses, Defendant must quote each request verbatim.[3]

---

[3] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Pro Se Intake Unit.

## CONCLUSION

The Clerk of Court is respectfully instructed to issue a summons for Defendant Officer Blake or Burke, complete the USM-285 form with the address for Defendant, and deliver all documents necessary to effect service to the U.S. Marshals Service.

Local Rule 33.2 applies to this case.

The Clerk of Court is directed to mail an information package to Plaintiff.

SO ORDERED.

Dated:   8/5/2025
        White Plains, New York

———————————————————
KENNETH M. KARAS
United States District Judge

**SERVICE ADDRESS FOR EACH DEFENDANT**

Corrections Officer Blake or Burke
Green Haven Correctional Facility
594 Route 216
Stormville, N.Y. 12582