UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SPENCER T. CRUMBSIE,

                              Plaintiff,

                  v.

OFFICER BLAKE OR BURKE,

                              Defendant.

No. 25-CV-3780 (KMK)

ORDER

KENNETH M. KARAS, United States District Judge:

Plaintiff Spencer T. Crumbsie ("Plaintiff"), who is proceeding pro se and in forma pauperis ("IFP"), filed this Action regarding events allegedly occurring during his incarceration at Green Haven Correctional Facility ("Green Haven") in March and April 2024.  Plaintiff alleges that a corrections officer with the last name of Blake or Burke ("Defendant"), who worked the 11:00 p.m. to 7:00 a.m. shift in the "G Block 2 Tier," sexually harassed him in his cell, number 19, on an almost nightly basis.  (Compl. at 4 (Dkt. No. 1).)  By Order dated August 5, 2025, the Court directed the United States Marshal Service ("USMS") to serve Defendant at Green Haven.  (Dkt. No. 14.)  However, USMS was unable to serve Defendant because the New York State Department of Corrections and Community Supervision ("DOCCS") was "unable to ascertain" Defendant's identity based on the information provided in the Complaint.  (Dkt. No. 17 at 2.)  By Order dated December 11, 2025, the Court directed Plaintiff to provide additional information that could help identify Defendant.  (*See* Dkt. No. 19.)  Plaintiff subsequently provided the Court with the same information about the time location at which the alleged assaults took place.  (*See* Letter from Spencer T. Crumbsie to Court (received Apr. 20, 2026) (Dkt. No. 26).)

Under *Valentin v. Dinkins*, a pro se litigant is entitled to assistance from the district court in identifying a defendant.  121 F.3d 72, 76 (2d Cir. 1997).  However, a plaintiff ultimately "retains the obligation to provide the necessary information to name or identify the defendant and to serve him," *Carpio v. Luther*, No. 06-CV-857, 2009 WL 605300, at *1 (W.D.N.Y. Mar. 9, 2009); *see also Valentin*, 121 F.3d at 76 (stating that a district court may, after appropriate inquiry, determine "that the information available is insufficient to identify the defendant with enough specificity to permit service of process, so that dismissal of the complaint is warranted").

The Court directs Plaintiff, within 30 days of the date of this Order, to provide a physical description of Defendant, such as his race, height, weight, or distinguishing features, to help DOCCS identify Defendant.  Once Plaintiff responds to this Order, and should he provide sufficient additional information, the Court will issue a *Valentin* order directing DOCCS and the New York State Attorney General's Office to make another attempt at identifying the Defendant. If Plaintiff is unable to comply within the prescribed time, he should file a motion seeking an extension of time.

SO ORDERED.

Dated:    April 28, 2026
          White Plains, New York

_____
KENNETH M. KARAS
United States District Judge

2